SARAH C. PRESTON, in equity, *vs.* ABBIE E. C. WRIGHT.

Waldo.    Opinion February 18, 1889.

*Equity.   Taxes.   Tenants in common.   Lien.   Reimbursement.*

Where taxes were assessed, in one sum, upon property belonging to tenants in common, and they are paid by one of the owners in order to prevent a forfeiture of his interest, equity will not thereby establish a lien for reimbursement, upon the share of the other co-tenant.

ON REPORT.   Bill in equity, heard on bill and demurrer. The facts are stated in opinion.

*J. Williamson*, for plaintiff.

Plaintiff cannot recover by an action at law. Payment of taxes inured to benefit of all the owners.

An owner, who pays the amount required to redeem his own share and the share of a co-tenant, cannot be entitled to recover of that co-tenant the amount equitably chargeable to his share without other proof, for he may not have paid by his consent or at his request. Such co-tenant may have concluded that the land was not of such value, that it would be beneficial to him to have it redeemed. He could not be compelled to redeem, but might, if he pleased, abandon his title to the purchaser and refuse to pay to him or to any other person the amount, which would be required to redeem it. If one, who may be obliged to redeem the share of a co-tenant to relieve his own share from incumbrance, could have no right to retain the share of such co-tenant as security and to obtain a reimbursement of the amount equitably chargeable to it, he might utterly fail to obtain compensation ; and yet his co-tenant without making any payment might be entitled to the full possession and benefit of his share of the land, discharged from the incumbrance.

The law cannot be justly chargeable with such results, as produced by conformity to its provisions. The principle is well established and is of frequent application in the redemption of mortgages, that one having a legal interest in an estate under incumbrance, may redeem the whole estate when necessary, to enable him to redeem his own share or to relieve his own title from incumbrance, even against the pleasure of a co-tenant or other owner, and may be regarded as the assignee of the incumbrance upon the other shares or interests, and may retain possession of them to secure a reimbursement of the amount equitably chargeable to them. *Watkins* v. *Eaton*, 30 Maine, 529 ; citing *Gibson* v. *Crehore*, 5 Pick. 146 ; *Jenness* v. *Robinson*, 10 N. H. 215 ; *Wilkins* v. *French*, 20 Maine, 111.

Where the whole estate is subject to, and benefited by the discharge of an incumbrance not created by either party at interest, equity will apportion it ratably between the different parties. *Plympton* v. *Boston Dispensary*, 106 Mass. 544.

In this case, the tenant for life was held to pay the remainder man his proportion of a sewer assessment.

"The rule is perfectly well settled," remarks chief justice

Bigelow, "that a party may by express agreement create a charge or claim in the nature of a lien on real as well as personal estate of which he is the owner or possessor, and that equity will establish and enforce such claim. * * * It is obvious that the law gives no remedy by which such a lien can be established, and the trust thereby created be declared and enforced. Equity furnishes the only means by which the property on which the charge is fastened can be reached and applied to the stipulated purpose." *Pinch* v. *Anthony*, 8 Allen, 536.

*W. H. Fogler*, for defendants, submitted without argument.

DANFORTH, J.   This is a bill in equity, to which a demurrer has been filed.

It appears that the plaintiff and defendants are tenants in common of a certain lot of land in Northport, upon which the town had from year to year assessed taxes ; that the plaintiff has for several years paid the whole of the taxes assessed thereon, the last of which was that assessed for the year 1886, and that these payments were made for the purpose of saving her interest from forfeiture. It does not appear that any steps were taken by the authorities at any time to secure a forfeiture, except once in 1886 the lands were advertised for sale for the tax of 1884, assessed before the plaintiff had acquired a title.

The bill now asks, "that a charge or claim in the nature of a lien upon the interests of said defendants in said premises, for their proportion of said sums, may be established and enforced, and that in default of the payment of such proportion, with costs and expenses, said interest may be sold in the same manner as real estate is sold on execution, and with the same right, of redemption, and the money arising therefrom be in the same manner applied to her reimbursement."

There are many cases where a person pays the whole amount of an incumbrance upon real estate under a legal liability jointly with others to do so, or where he is compelled to pay for others in order to save his own share from forfeiture, he may be entitled to an assignment of that incumbrance from the owner that he may hold and enforce it against the land for his reimbursement.

No case has been cited, nor are we aware of any which goes any farther. In all these cases it is an assignment or what is treated as such of an actual existing incumbrance, in which the assignee succeeds to all the rights of the assignor and none other.

Undoubtedly, a tax duly assessed under a statute giving a lien, is an incumbrance upon the land. But it is a limited or an inchoate one. It gives no title to or interest in the land until it has been sold in the way provided by statute. In this case the lien has been discharged by the payment of the tax as well as by the lapse of time. So that if the town ever had any right to assign, which may well be doubted, it has none now. Hence, the plaintiff in paying the tax, relieved the land of no incumbrance which could by any possibility enable or assist her in getting possession of the land, or holding it as security.

The case of *Watkins* v. *Eaton*, 30 Maine, 529, was indeed a tax case. But there the lien had been perfected by a legal sale, by the proper authorities and one of the tenants in common while the right of redemption existed redeemed the whole, as the only way he could save a forfeiture of his own interest. At the same time he took from the purchaser a conveyance which was in effect an assignment of his interest, and the court held that such an interest was virtually a mortgage under which he was entitled to enter and hold until redeemed, and if not redeemed, at the expiration of the right, the title would become absolute. This would seem to be a proper, plain, and simple method of proceeding, and one in conformity with well settled principles of law.

But the plaintiff, apparently aware that she may not succeed under a right of subrogation, put the prayer of her bill in broader language and such as may, perhaps should be, understood as asking the court to establish for her a new lien, or a charge in the nature of a lien and enforce it by a sale as land is sold upon an execution. But surely after the lien under the statute is lost, it cannot be restored so as to be made available consistently with the statute.

Nor are we aware of any principles of law or equity upon which a new one can be established. It would seem to be equally a nullification of the statute. It is conceded that there is no personal liability for the money sought to be recovered. Then

why should this particular piece of property of the defendants more than any other be liable? Not because of any lien upon it, for if there ever was one, it no longer exists. Not because the money was expended for its benefit, because even that is problematical. It was optional with the town, to try the experiment of selling the land for taxes or try some other method of collecting them, and what is, perhaps, of more consequence, if the land were to be sold for taxes or the money which paid them, the defendants had the right to a statute sale, and within the time allowed by the statute.

The law or the parties may impose a trust or lien upon real and personal property and a court of equity will enforce it; but it must be a very extraordinary case where the court will impose either.

This does not seem to be a proper case for the intervention of equity; for, though in the absence of correct information as to the ownership of the land it may have been competent for the assessors to have taxed it *in solido*, no reason is perceived why the plaintiff may not, by making the list for the guidance of the assessors required by R. S., c. 6, § 93, have her interest taxed separately.

*Demurrer sustained.*

PETERS, C. J., LIBBEY, EMERY, FOSTER and HASKELL, JJ., concurred.