MILLARD W. SCHILBACH ET AL. *v.* JOHN J. SCHILBACH

[No. 65, October Term, 1936.]

*Decided January 14th, 1937.*

The cause was argued before BOND, C. J., OFFUTT, PARKE, SLOAN, SHEHAN, and JOHNSON, JJ.

*T. Lyde Mason, Jr.,* for the appellants.

*Wm. L. K. Barrett, Jr.,* and *John Grason Turnbull,* submitting on brief, for the appellee.

SLOAN, J., delivered the opinion of the Court.

This appeal is from an order sustaining a demurrer to a bill of complaint, whereby the executrix of a tenant by the entireties and a son sought a decree to charge the surviving husband's and father's property with a lien for money paid by them, over a period of several years, for "taxes, Metropolitan District Assessment, assessments, interest on mortgage, fire insurance premiums" and other "necessary expenses for the preservation of the building, * * * which the said Millard W. Schilbach (son) and the

said Anna A. Schilbach (wife) were obliged to pay in order for the said Anna A. Schilbach to have a home, the expenditures made by them for the purposes above mentioned amounted to $4,383.37, and these expenditures were made with the knowledge of the said John J. Schilbach (the husband), and his acquiescence."

It is alleged that Anna A. Schilbach and John J. Schilbach, wife and husband, as tenants by the entireties, owned a tract of land, containing four acres, on the Belair Road at Fullerton in Baltimore County, improved by a dwelling house, barn, and other buildings; that on March 13th, 1917, Anna A. Schilbach filed a bill of complaint against John J. Schilbach, praying permanent alimony, and a decree was passed thereon awarding her twelve dollars a week, subsequently reduced to seven dollars a week; that from the time of the separation, Anna A. Schilbach occupied the property, but because of the failure of her husband to pay the alimony, she got along with the assistance of her son, Millard W. Schilbach, and her niece, Flora Danek; that Anna A. Schilbach died December 21st, 1934, leaving a will, with the niece, Flora Danek, as executrix, who, with the son, Millard W. Schilbach, filed the bill praying a decree for a lien, and the appointment of a trustee to sell the property. The plaintiffs declined to amend their bill, and from an order dismissing it they appeal.

It does not appear in the record, but at the argument the plaintiffs' counsel stated that a decree in *personam* had been granted for the unpaid alimony, so that it is now a lien on the property.

If for no other reason, the bill ought to have been dismissed for misjoinder of plaintiffs, as a wife and son, with respect to the wife's interest in an entirety, have nothing in common, and no joint decree could be entered in their favor.

A tenancy by the entireties is essentially a joint tenancy, modified by the common law theory that the husband and wife are one person. 1 *Tiffany on Real Property*, 645. Except for the fact that it cannot be defeated,

during their lives, without the joint action of both, the same rules of law apply to it as to any other cotenancy. At common law the husband was entitled to the rents and profits of land held by entireties, a right, however, which has been taken away by the married woman's property acts, "so that the husband can no longer assert an exclusive right to the rents and profits or divest the wife of the right to share therein by making a conveyance to a third person." *Tiffany on Real Property*, 652; Code, art 45, sec. 1 et seq. This to show that, by the statute, the rules theretofore pertaining to coparceners now apply to entireties, except that neither can by separate action defeat the survivorship.

When one coparcener pays obligations such as taxes, insurance, and ordinary repairs, which may be regarded as carrying charges, he does not have recourse against the other for contribution without an agreement from the other to pay. *Preston v. Wright*, 81 Me. 306, 17 A. 128; *Wistar's Appeal*, 125 Pa. 526, 17 A. 460. In *Israel v. Israel*, 30 Md. 120, the tenant in possession was denied claims against the cotenant for papering the house and repairing a range, because "those items of expense were not incurred for the preservation of the property." In *Hogan v. McMahon*, 115 Md. 195, 202, 80 A. 695, it was held that a cotenant was entitled to contribution for necessary repairs and improvements, which add a permanent value to the estate, made and paid by a cotenant with the assent of the other, and to subrogation to the rights of a mortgagee where one cotenant pays off a mortgage on the common property.

The bill in this case is filed by two persons who, so far as this title is concerned, have no relation to each other. If they, or either of them, have paid a lien or incumbrance, such as a public improvement lien, at the request of either of the cotenants, there is no reason why such person should not have the right to assert the same against the property benefited, but it should be clearly alleged just what the lien was and what was paid. If the third party is a volunteer, he would not have recourse against the

property for reimbursement. The request by the wife to a third party, in this case, a son and a niece, would not entitle him or her to payment for taxes, insurance, or ordinary repairs. 7 *R. C. L.* 842, *Schuster v. Schuster*, 84 Neb. 98, 120 N. W. 948. Recourse can only be had against the property for such claims as the wife might make if living, and then for payments made on account of liens, incumbrances, and permanent improvements at her request, the assumption being made on the allegations of the bill that nothing was done with the assent of the defendant. Inasmuch as it appears one or the other of the plaintiffs may have come within the rules here stated, the order of the chancellor will be affirmed without prejudice to the rights of the plaintiffs to severally seek the enforcement of the claims which they or either of them may have against the property which the defendant holds as survivor of the entirety.

*Order affirmed with costs, without prejudice.*