## ANDERSON *v.* ANDERSON

[No. 136, September Term, 1957.]

484

*Decided February 25, 1958.*

The cause was argued before BRUNE, C. J., and HENDER-
SON, HAMMOND, PRESCOTT and HORNEY, JJ.

*O. Bowie Duckett* for the appellant.

*W. Harvey Beardmore,* with whom was *Louis M. Strauss*
on the brief, for the appellee.

HENDERSON, J., delivered the opinion of the Court.

This is an appeal from the denial of exceptions by an es-
tranged wife to the ratification of an auditor's account dis-

tributing the surplus proceeds of a foreclosure sale of certain property, after the payment of the mortgage debt, expenses and claims. The property was held as tenants by the entireties, and the decree appointed trustees to hold the surplus net proceeds, to invest the same under order of court, to pay the income equally to the parties during their joint lives, and at the death of either, the principal to the survivor, in the absence of an agreement by the parties to the contrary, or for an earlier distribution. The wife appeals, contending that she is entitled to receive an immediate distribution of the sums she contributed to the acquisition of the property, on the theory of partnership.

The parties were married in 1940, but she continued to work in Washington, D. C., where they resided. He was employed by a railroad, and she was employed by the Government as a secretary and stenographer. She was, and is, a member of the Bar in the District of Columbia, and practiced to a limited extent. On July 23, 1953, they purchased at a price of $18,000.00 a property at Deale, Maryland, consisting of a lot 200 feet by 200 feet, improved by a restaurant building and an unfinished dwelling, plus stock, fixtures and equipment, and the right to use the trade name, "Uncle Jim's Bar-B-Q". Title was taken in their names as tenants by the entireties, and a loan of $9,000.00 was obtained from a building and loan association. Although there is some conflict in the testimony as to the amounts contributed by each, it is clear that Mrs. Anderson contributed the major portion, if not substantially all, of the balance of the purchase price, chiefly from the proceeds of the sale of property in Georgia, which she inherited from her aunt. The parties moved to Deale and resided in the dwelling, taking all their meals in the restaurant, and continued the business until November, 1954, when she left as a result of marital disagreements. In July, 1955, a divorce proceeding was instituted but the record does not show the outcome. It is conceded, however, that there was no decree *a vinculo*. It appears that she kept the books and handled the business correspondence. There was only a cash book showing receipts and disbursements. There was no partnership or joint bank account. She also

helped in the restaurant on week-ends and vacations, but she kept her job in Washington. He apparently devoted all his time to the business, doing the marketing and cooking. His sister also assisted in the work. After Mrs. Anderson left in November, 1954, he continued the business, but was unable to meet the mortgage payments. The foreclosure proceeding was begun early in 1956, and the property was sold for $14,150.00 on June 12, 1956.

It is clear that there was no written agreement to support her claim of partnership. She testified that the business was "operated as a partnership", of which she and her husband were the partners. He denied that there was ever any agreement as to a partnership, but admitted that they agreed to divide the net profits equally. A partnership income tax return for the year 1953 was put in evidence, showing a net loss. In this return the partners' capital accounts were shown as "Benjamin F. Anderson, $7,099.15, and Martha M. Anderson, $7,099.14". There was no listing of any indebtedness by the partnership to Mrs. Anderson. When questioned by the court as to the equal division of profits and the statement of capital account, she testified: "I was his wife and it never crossed my mind that I didn't share * * * with him." She also testified: "* * * it never occurred to me that there would ever be any dispute. * * * As to dividing property * * * we had no terms, we just had an agreement about the profits; as far as I was concerned it would be 'til the end of time."

The appellant strongly relies upon Code (1951), Art. 73A, sec. 18, which provides in part: "The rights and duties of the partners in relation to the partnership shall be determined, subject to any agreement between them, by the following rules: (a) Each partner shall be repaid his contributions, whether by way of capital or advances to the partnership property and share equally in the profits and surplus remaining after all liabilities, including those to partners, are satisfied; * * * ."

It is well settled that, in Maryland at least, there may be a partnership between husband and wife. In *Collier v. Collier*, 182 Md. 82, 88, it was said, however, that "The burden of

proof was upon the wife as plaintiff to prove that she was a partner", and that "The main test of whether or not a partnership exists is the intention of the parties to create a partnership. * * * This intent may be manifest by the terms of their agreement, the conduct of the parties to each other under it, or by the circumstances generally surrounding the transaction." It was held in that case that no partnership was intended, despite the fact that the wife assisted in the conduct of the business, and that income tax returns were made in partnership form. It seems that the property was held in their joint names as tenants by the entireties, but he had contributed the funds.

In *Beard v. Beard,* 185 Md. 178, 185, 186, the wife claimed to be a partner, but we agreed with the lower court that proof of "intention, at least on the husband's part, to create a partnership is wholly lacking and is negatived in words and in deeds, *e. g.,* in his liquor license and his income tax returns." It was held, however, that she was entitled to a return of her capital contribution, because "there is not one word in the testimony to show that she intended to relinquish her property in the funds when she transferred them to Beard. This is equally true of her testimony and of his." Cf. *Lissy v. Lissy* (Md. unreported; 23 A. 2d 39).

In *Smith v. Smith,* 189 Md. 1, a wife's claim of partnership in a tavern business was sustained. There the wife resigned a lucrative position to devote her time to the business, while the husband retained his outside employment. There was also undisputed testimony that the parties employed a tax consultant for the purpose of setting up a partnership, income tax returns, insurance policies and employers' tax reports, and a joint bank account, and it was held that there was sufficient proof to support the finding of the trial court, although the lease had been taken in the husband's name alone. The Court distinguished *Collier v. Collier,* and *Beard v. Beard, supra.*

We think *Smith v. Smith, supra,* is distinguishable. The controlling fact in the instant case is that the whole property was acquired as tenants by the entireties. · In legal effect, and in the absence of proof that it was not her voluntary act, this

transaction on its face amounted to an absolute gift. *Reed v. Reed,* 109 Md. 690; *Whitelock v. Whitelock,* 156 Md. 115, 120. Cf. *Columbian Carbon Co. v. Kight,* 207 Md. 203. The authorities generally are in accord. See Note 43 A. L. R. 2d 917. The case of *Schwarz v. United States,* 191 F. 2d 618 (C. A. 4th), is not to the contrary. There the conveyance failed because the husband was in fact married to another woman, unknown to the wife. There is nothing in the provisions of the partnership act that prevents partners from agreeing as to the title to any specific assets. Subject to the rights of creditors, and unless fraudulent, partners may agree to a different distribution of the property on dissolution from that which obtains under section 18, in the absence of agreement. Cf. *Williams v. Dovell,* 202 Md. 351, 357; *Collier v. Benjes,* 195 Md. 168, 176, and *Noel v. Noel,* 173 Md. 152. This would seem to be true even though, as against creditors, there may be a partnership relation. Cf. *Raymond S. Roberts, Inc. v. White,* 97 A. 2d 245 (Vt.), and *Northampton Brewery Corporation v. Lande,* 10 A. 2d 583 (Pa. Sup.).

In the instant case there is no suggestion that the wife, a lawyer, was not aware of the full legal import of the conveyance as tenants by the entireties. While the wife testified that the business was "operated as a partnership", she testified that there was never any discussion about distribution of capital assets. It may be true that the rule stated in section 18 would prevail in the absence of any evidence of an agreement to the contrary, but the indisputable evidence of the conveyance is enough to establish a gift to the husband of the funds she contributed, as she said " 'til the end of time". Starting with the presumption of gift, there is nothing to negative the presumption. In fact, the statement of capital account in the income tax return is consistent with the presumption. We cannot find that the Chancellor was clearly wrong in finding no intention to change the legal title to the premises from a tenancy by the entireties to some other form of ownership. On this assumption, it is perfectly clear that the net proceeds of the mortgage sale are likewise owned by the parties as tenants by the entireties. *Masterman v. Masterman,* 129 Md. 167; *Brell v. Brell,* 143 Md. 443.

The only other point that requires discussion is the action of the Chancellor in allowing a claim of John K. Berry, auditor, in the sum of $500.00, instead of the amount claimed, $650.00. It appears that an audit of the alleged partnership business was made in the divorce proceeding between these parties, apparently in connection with a claim for alimony pendente lite. The audit was made at the court's suggestion, but counsel for both parties agreed to the appointment of Mr. Berry. Judge Macgill, in the divorce proceeding, stated that "In fairness, the cost of the audit should be divided between the parties, although this court does not conceive that it has the authority to tax this bill as a part of the costs of the case." The appellant contends that the claim cannot be allowed in this proceeding, "when the costs were incurred in another entirely * * * distinct proceeding". If we assume, without deciding, that the claim might have been allowed as a part of the costs in the divorce proceeding, we see no good reason why it should not be allowed in the instant case, on the theory that it was a liability incurred jointly by the parties, to be paid out of the fund distributable to them in equal portions. It is true that in divorce proceeding the wife is the privileged suitor, but under the special circumstances of this case, we see no equitable consideration that would require a reversal and further proceedings on such a trivial point.

*Decree affirmed, costs of this appeal to be divided by the parties.*