PINO, ET UX. *v.* CLAY, ET AL.

[No. 402, September Term, 1967.]

*Decided November 29, 1968.*

The cause was argued before HAMMOND, C. J., and MAR-BURY, McWILLIAMS, FINAN, SINGLEY and SMITH, JJ.

*Leon Shampain,* with whom were *Vaughan & Shampain* on the brief, for appellants.

No brief filed on behalf of appellees.

MARBURY, J., delivered the opinion of the Court.

This controversy began when the appellee, Arbell M. Clay, as natural mother and next friend of the two infant appellees, Joan Jeannette Ciuffreda and John B. Ciuffreda, and appellee, Mary Anna Graham, filed a bill of complaint for the sale in lieu of partition of real property. The said two infants, together with Mary Anna Graham and the defendant below, Michael J. Rybikowsky (why his name is Rybikowsky and not Ciuffreda is undisclosed by the record) are the four surviving children, heirs at law and next of kin of Alfred Michael Ciuffreda, who died intestate on September 8, 1960, while seized of the real estate here involved. The defendants below were Michael J. Rybikowsky, Theresa A. Nolan, the Emigrant Industrial Savings Bank, and the appellants Joseph B. Pino and his wife, Mary T. Pino. Theresa A. Nolan was the assignee of Rybikowsky's one-fourth interest in his father's estate under an assignment dated August 16, 1962. She in turn had assigned the one-fourth interest to appellants Pino under an assignment dated September 21, 1964. The validity of these assignments was established by the lower court, and is not questioned on this appeal. The Emigrant Industrial Savings Bank was the holder of a note secured by a deed of trust on the subject property.

On October 27, 1960, the administrator of Alfred Ciuffreda's estate erroneously contracted with the appellants to sell the property to them for a total purchase price of $15,000.00, including the balance owing on the trust note. In connection with this purported agreement the Pinos paid to a real estate broker the amount of $500.00 as a deposit and an additional $4,315.43 to the administrator. Pursuant to the agreement the appellants have occupied the subject property, making improvements, paying taxes and insurance, and making payments on the note secured by the deed of trust on the premises. As earlier pointed out, they subsequently acquired a one-fourth interest of one of the decedent's heirs.

The real property was sold on May 31, 1967, at public sale to Joseph B. Pino, one of the appellants, for the sum of $11,-600.00, subject to a balance of $3,554.21 due the Emigrant Industrial Savings Bank on its trust note. By order of the Circuit Court for Prince George's County dated November 18, 1966, the appellants and any other party were allowed to file claims for any allowances they felt they had "with respect to any part of the net proceeds resulting from said sale . . . ." After such claims had been made by the appellants and the appellees had filed their opposition, the court referred the matter to the court auditor. The auditor filed reports granting certain of the claimed allowances and denying others. In addition to other claims allowed the Pinos, he allowed the aggregate amount of the monthly payments made by the Pinos on the trust note toward principal and interest. However, he disallowed their claim in the amount of $3,823.98, representing the curtailments they had made against the principal balance of said trust note. In their brief, appellants stated that these curtailments were made by them on January 5, 1962, in the amount of $911.99, and on February 2, 1962, in the amount of $2,911.99, totaling $3,823.98. Thus the auditor allowed the aggregate of the individual monthly payments, but disallowed both large lump sum payments.

On October 3, 1967, the lower court issued an order ratifying the auditor's report. The appellants filed a motion for reconsideration of the court's order, and the auditor filed a supplementary memorandum in opposition. On October 27, 1967, the lower court denied the motion for reconsideration relying upon the authorities stated in the auditor's memorandum, and the Pinos have appealed to this Court.

The issue presented is whether the lower court erred in ratifying the auditor's report which disallowed appellants' claim for contribution from the other co-tenants for lump sum curtailment payments made on the trust note which was secured by the subject property. We do not find the authorities relied upon by the lower court as determinative of this issue. The general rule in Maryland is that when one tenant pays a mortgage or other encumbrance upon the common property, he is

entitled to contribution from his co-tenants to the extent to which he has paid their share, and is entitled to an equitable lien for the amount due him. *Meyers v. Loan & Sav. Assn.,* 139 Md. 607, 116 A. 453; *Hogan v. McMahon,* 115 Md. 195, 80 A. 695. See *Withers v. Douglas,* 206 Md. 141, 110 A. 2d 513.

The auditor allowed the Pinos a credit for the aggregate amount of the individual monthly payments, but disallowed their claim for the curtailment payments on the ground that these payments were for the exclusive benefit of their estate. We cannot agree that the other co-tenants received no benefit. The equity of the non-contributing co-tenants was increased by these payments just as it was increased by the monthly sums paid by the Pinos. The final result of both the curtailment payments and the monthly payments was to increase the co-tenants' *aliquot* share in the property. Equity will not allow the unjust enrichment of the appellees at the appellants' expense. The Restatement of Restitution, Section 105 (1937) provides:

> "Protection of Things Owned by Payor and Another.
>
> (1) Where two persons are tenants in common or joint tenants and one of them has taken reasonably necessary action for the preservation of the subject matter or of their common interests, he is entitled to indemnity or contribution, enforced by means of a lien upon the interest of the other
>
> (a) if he made a request to the other to join in such preservation, or
> (b) without such request, if action was immediately necessary and the other was not available.
>
> (2) A person who through legal proceedings procures or preserves property in which he and another have on [sic] interest may be entitled to reasonable compensation for his services and restitution of his expenses in obtaining or preserving the property."

Comment b to this section states that "the rule applies to the payment of encumbrances against the common property . . . ."

For the above mentioned reasons the lower court's order of October 3, 1967, ratifying the auditor's report and account, is reversed in part to allow the appellants' contribution from the proportionate shares of the co-tenants for their curtailment payments.

> *Order affirmed in part and reversed in part and case remanded for modification of the auditor's report in accordance with this opinion.*
>
> *Costs of this appeal to be charged against the interests of the appellees.*