314 So.2d 220 (1975)
Mark Douglas HEINEMANN, Appellant,
v.
Sandra Michelle HEINEMANN, Appellee.
No. V-428.
District Court of Appeal of Florida, First District.
June 9, 1975.
Rehearing Denied July 7, 1975.
*221 Henry P. Duffett, Duffett, Barry & Seps, Mead & Akers, Ormond Beach, for appellant.
Isham W. Adams, Daytona Beach, for appellee.
McCORD, Judge.
This is an appeal from a final judgment of dissolution of marriage. We have considered the record, briefs and oral argument of counsel and with one exception find no error in the rulings of the trial court. That exception relates to the disposition of 300 acres of unimproved land in Volusia County, which during the marriage was held by the parties in an estate by the entireties. The trial court ruled that upon the dissolution, the parties should own this property "as tenants in common, with jurisdiction reserved in these proceedings for partition thereof upon the motion or application of either party."
Title to the property was taken by the parties on December 30, 1970, during coverture. The purchase price was $94,200 of which $27,000 was paid on closing and a note secured by mortgage on the property executed by both husband and wife was given for the $67,200 balance, plus interest, which was payable $16,800, plus interest, annually beginning December 30, 1971. The down payment and subsequent mortgage payments were made with funds which were originally the separate property of the husband.
Where property is purchased by the husband with his own funds and title is placed in the name of both the husband and wife, there is a presumption of law that such property interest was intended as a gift to the wife and it will be so recognized until the presumption is overcome by conclusive evidence. Losey v. Losey, Fla., 221 So.2d 417. Here, appellant-husband contends that the presumption has been overcome, but the trial judge ruled otherwise and we agree with such ruling except as hereinafter noted. The husband testified that at the time of the initial purchase he did not intend to make a gift to his wife; that title was taken jointly to save expense and so that the property would be hers in the event of his death. He further admitted on cross-examination, however, that he had always known that his wife, upon divorce or dissolution of their marriage, would own 1/2 of the property titled in their joint names.
The trial judge correctly found that the evidence was insufficient to meet the burden cast upon the husband to rebut the presumption of gift but such finding was correct only as to the down payment and payment of the first installment of principal and interest, these payments having been made during the marriage and before permanent separation of the parties. The presumption of gift would not apply to payments made after permanent separation. Such payments could not reasonably be considered to have been gifts from the husband to the wife, and the husband *222 should have a special equity in the property to the extent of his payment of the wife's share of such note installments.
While the trial judge in the final judgment indicated that in his allowance to the wife of $25,000 lump sum alimony he took into consideration the fact that the husband made mortgage payments and made some improvements upon the aforesaid real property, from a review of the record we find the award of lump sum alimony to be adequate in and of itself without considering the husband's mortgage payments.
The final judgment is reversed insofar as it holds that payments made by the husband subsequent to December, 1971, of the wife's share of the note were a gift and the cause is remanded with directions to declare a special equity lien upon the wife's interest in the property in favor of the husband as to any such payments of principal and interest which were paid by the husband for the wife. The final judgment is in all other respects affirmed.
BOYER, Acting C.J., and MILLS, J., concur.