# ALICE ALLA CRAWFORD *v.* ROBERT JOHN CRAWFORD

[No. 139, September Term, 1981.]

*Decided April 7, 1982.*

308

The cause was argued before Murphy, C. J., and Smith, Eldridge, Cole, Davidson, Rodowsky and Couch, JJ.

*Patricia S. Graham* for appellant.

No brief filed by appellee.

Couch, J., delivered the opinion of the Court.

This case began in the Circuit Court for Baltimore County where the appellee, Robert John Crawford, filed a Bill of Complaint seeking a divorce *a vinculo matrimonii* founded on three years separation. The appellee also sought one-half of a jointly held savings account which consisted of the proceeds from a sale of the parties' marital home after they had separated. Alice Alla Crawford, the appellant, by her answer to the Bill sought contribution from her husband for payments she made on the house mortgage, real estate taxes, and insurance. We observe that the appellant lived in the house until it was sold. The chancellor, relying on the "presumption of gift" principle, which he found applicable and not rebutted by Mrs. Crawford, divided the savings account equally between the parties.

This appeal ensued and we issued certiorari prior to consideration by the Court of Special Appeals in order to consider important questions pertaining to the presumption of gift doctrine as applied to the husband-wife relationship.

The facts giving rise to this controversy are uncomplicated and to an extent uncontradicted. After some ten years of marriage, during which they acquired a home and held it as tenants by the entireties, the parties separated in 1977 with

Mr. Crawford leaving the marital home and Mrs. Crawford staying in the house. He testified this was by agreement, with his further understanding that she would have all the responsibility for the house; this was denied by the wife. She also testified that she had requested Mr. Crawford to help pay some of the expenses and that she had no intention of making a gift to him. Mr. Crawford further testified they had agreed that when the house was sold the proceeds therefrom would be divided equally. Again, this was refuted by Mrs. Crawford. What is certain, however, is the fact that during the period after separation and before the sale of the home, Mrs. Crawford paid the monthly mortgage note, the real estate taxes and insurance; it is for these items that Mrs. Crawford contends she is entitled to contribution from Mr. Crawford.

In his written opinion the chancellor made no finding with respect to whether there was an agreement between the parties as Mr. Crawford testified. Rather he based his conclusion on holding (1) "that when one spouse uses funds for the purchase of property a presumption of gift arises in favor of the other spouse," and (2) that Mrs. Crawford failed to rebut this presumption by clear and convincing evidence. Thus the precise question for our consideration is whether the presumption of gift doctrine is applicable under the facts of this case. We shall hold that it is not.

We begin our analysis by stating the general law of contribution that applies to co-tenants in the factual circumstances of this case. Generally, one co-tenant who pays the mortgage, taxes, and other carrying charges of jointly owned property is entitled to contribution from the other. *Aiello v. Aiello,* 268 Md. 513, 518-19, 302 A.2d 189, 192 (1973); *Pino v. Clay,* 251 Md. 454, 456-57, 248 A.2d 101, 102-03 (1968); *Hogan v. McMahon,* 115 Md. 195, 201-02, 80 A. 695, 698 (1911). This rule of contenancy applies equally to a tenancy by the entireties. We stated in *Colburn v. Colburn,* 265 Md. 468, 474-75, 290 A.2d 480, 483-84 (1972), that

> "In *Hogan,* the plaintiff (appellant) filed a bill in equity seeking the sale of a parcel of ground which

was held by the plaintiff and defendant as tenants in common. The defendant (appellee) filed an answer to the bill admitting its allegations, but denying that the plaintiff was entitled to relief for the reason that she had expended monies for improvements to the property, mortgage payments and taxes exceeding the amount claimed in the bill of complaint without any contribution from the plaintiff. The plaintiff and defendant lived on the property until the plaintiff left of his own accord. There was no evidence that the defendant had ousted the plaintiff from possession. Upon these facts, the Court held:

> "* * * there can be no doubt that the appellee is entitled to contribution by the appellant for liens and encumbrances paid by her since they became tenants in common. 17 *Am. and Eng. Ency. of Law,* 685; 7 Ibid. 353, and, as shown by the last cited authority, that statement includes mortgages, taxes and ground rent.

See also *Pino v. Clay,* 251 Md. 454, 456-457, 248 A.2d 101 (1968); *Withers v. Douglas,* 206 Md. 141, 148, 110 A.2d 513 (1955); *Schilback v. Schilback* [sic], 171 Md. 405, 408, 189 A. 432 (1937); and *Myers v. Loan & Sav. Assn.,* 139 Md. 607, 612, 116 A. 453 (1922). *Schilback* [sic], *supra,* makes it clear that the rule of law applied in *Hogan* is equally applicable to tenants by the entireties."

*Schilbach* stated that

> "A tenancy by the entireties is essentially a joint tenancy, modified by the common law theory that the husband and wife are one person . . . . Except for the fact that it cannot be defeated, during their lives, without the joint action of both, the same rules of law apply to it as to any other cotenancy." 171 Md. at 407-08, 189 A. at 433-34 (citation omitted).

Therefore, a co-tenant in a tenancy by the entireties is entitled, to the same extent as a co-tenant in a tenancy in common or joint tenancy is entitled, to contribution for that spouse's payment of the carrying charges which preserve the property. Thus, Mrs. Crawford would be entitled to deduct these expenses from the proceeds of sale before splitting them between the parties.

When the co-tenants are married to each other, however, a presumption of gift usually arises as to any payment made to purchase the property, *Anderson v. Anderson,* 215 Md. 483, 488-89, 138 A.2d 880, 883 (1958); *Reed v. Reed,* 109 Md. 690, 692-93, 72 A. 414, 415 (1909); to improve the property, *Klavens v. Klavens,* 275 Md. 423, 431, 341 A.2d 411, 416 (1975); or to preserve the property, *Lingo v. Lingo,* 267 Md. 707, 299 A.2d 11 (1973); *Colburn v. Colburn,* 265 Md. 468, 475-76, 290 A.2d 480, 484 (1972).

In *Klavens,* a husband, after divorce, sought reimbursement from the proceeds of sale of the parties' home, which was held as tenants by the entireties, for a loan to which he had individually obligated himself while the parties were living together as husband and wife. Although the loan was not secured by a lien on the property, the proceeds were used in the construction of a dwelling on it. We stated that "the general rule [is] that advancements and payments by one spouse toward the purchase — or, as here, the improvement — of property owned as tenants by the entireties are presumed to be a gift to the other spouse to the extent of the latter's interest in the property." 275 Md. at 431, 341 A.2d at 416. "[T]he question of whether a purported gift by one spouse to another is made with donative intent turns on the facts and circumstances prevailing at that particular time." 275 Md. at 432, 341 A.2d at 416. We also held that the presumption, when it applies, must be overcome by clear and convincing evidence. *Id.*

We hold today that this presumption arises only when the parties are living together as husband and wife. When they are not, even though they may be legally married, the reason for the presumption, that married couples usually contribute their physical, emotional, and financial efforts for their

mutual benefit, obviously does not apply. While neither *Klavens* nor our previously decided cases in this area explicitly set forth this principle, they are consistent with it. Our holding today is merely a refinement of the law in this area. A discussion of our previous cases in this area confirms this.

As noted above, in *Klavens,* the husband obligated himself individually to the loan while the parties were living together as husband and wife. He then used the proceeds of the loan to help construct a dwelling on the property held by them as tenants by the entireties. Thus, the presumption arose, and, because it was not rebutted, the proceeds of the loan were deemed a gift to the wife to the extent of her interest in the property.

In *Colburn v. Colburn,* 265 Md. 468, 290 A.2d 480 (1972), the wife sued for an accounting for rents and profits from jointly held properties. The husband sought to offset her recovery by claiming a reimbursement for one-half of the tax and insurance payments he had made on the marital home, held as a tenancy by the entireties, after the wife left the home. We held that the wife was entitled to one-half of such profits, but allowed the husband to deduct one-half of the taxes and insurance premiums he had paid on the former marital home after she moved out. Although the wife did not raise the issue of the presumption of gift, our holding that the husband was entitled to contribution for his payment of the carrying charges of property held by the entireties after the wife moved out is consistent with our holding in this case that no presumption arises when the parties discontinue living together as husband and wife.

In *Lingo v. Lingo,* 267 Md. 707, 299 A.2d 11 (1973), the wife claimed that she was entitled to one-half of the proceeds from the sale of property previously owned as tenants by the entireties. The husband claimed that he was entitled to reimbursement for his repayment, after the parties had separated, of a loan, which "increase[d] the equity available for distribution when the property was sold." [1] *Id.* at 709, 299

---

1. The reason the loan had to be paid off was that the wife notified the

A.2d at 12. The trial court adopted the court-appointed auditor's findings (1) that the parties were actually joint venturers in the custom home building business, and therefore, contribution was required, regardless of the marital relationship, and (2) that they had separated before the repayment was made. This Court affirmed, holding that in such a situation the presumption did not apply. 267 Md. at 713, 299 A.2d at 14. Our holding today merely makes clear, absent a showing of an intention to make a gift, that a tenant by the entireties is entitled to contribution when he or she makes a payment, after the parties discontinue living together as husband and wife, which preserves the property and, therefore, accrues to the benefit of the co-tenant. The fact that the transaction in *Lingo* was part of a joint venture would also seem to preclude the application of the presumption of gift doctrine, independent of the time of the transaction, although we do not decide this issue today.

In *Anderson v. Anderson,* 215 Md. 483, 138 A.2d 880 (1958), the wife provided the majority of the funds used to purchase a business while the parties were living together as husband and wife. Sixteen months later, she left the marital home. Subsequently, the business failed and its property, held as a tenancy by the entireties, was sold at a foreclosure sale. In a suit appealing the division of the proceeds of the sale, the wife contended that the business was a partnership [2] and, therefore, she should recover her capital contribution from the proceeds of the sale before splitting the residue with the husband. The trial court disagreed, finding that no partnership existed and we affirmed. We held that the transaction amounted to a gift because the court below

---

lender that the husband had forged her signature on the loan papers and it gave him three hours in which to pay off the loan. The Court held that the forgery was not determinative of the rights of the parties because the repayment of the loan by the husband more than doubled the amount available to the wife had the loan not been made and the property been left unimproved. 267 Md. at 713, 299 A.2d at 14.

2. In Collier v. Collier, 182 Md. 82, 88, 32 A.2d 469, 471 (1943), the Court held that a partnership may be formed between a husband and wife, but that it was up to the party alleging it to prove that it existed. The test was held to be the intention of the parties as manifested by language of any agreement between them, their conduct, and the surrounding circumstances. *Id.,* 32 A.2d at 472.

did not abuse its discretion in finding that the wife failed to prove that a partnership existed and the presumption of gift was not rebutted. *Id.* at 489, 138 A.2d at 884.

In several of our sister jurisdictions the conclusion has been reached that, although the presumption of gift applies during marriage, after the separation of a husband and wife, the spouse who pays encumbrances, taxes, and insurance on property held by them as co-tenants is entitled to contribution from the other spouse. *See Heinemann v. Heinemann,* 314 So.2d 220, 221-222 (Fla. App. 1975), *cert. denied,* 336 So.2d 106 (Fla. 1976) (while presumption of gift applied to husband's funds used to purchase property during marriage and held as tenants by the entireties, it did not apply to mortgage payments made by husband after separation); *Tucker v. Tucker,* 121 N.J. Super. 539, 547-48, 298 A.2d 91, 95 (Ch. Div. 1972) (while presumption of gift applies to husband's funds used to purchase property during the "viable period of the marriage, ... [i]n the marital disenchantment of that period [after the parties separated] [the husband] would not have intended the [mortgage] payments as gifts; they were protective of his own investment and its possible loss by foreclosure."); *Kratzer v. Kratzer,* 130 Ill. App.2d 762, 266 N.E.2d 419 (1971) (while presumption of gift applied to husband's funds used to purchase property during marriage and held as joint tenants, it did not apply to husband's payment of taxes and insurance on the property after wife's release from mental hospital because he refused to live with her after that time).

Thus, it should be clear from the above discussion that the presumption of gift doctrine is alive in Maryland, if at the time of the transaction(s) in question, the parties are living together as husband and wife. When they are not, the reason for the presumption is not present and it does not arise; therefore, the chancellor erred in applying the presumption in this case. In addition, although we need not decide these issues today, there may be other instances in which the presumption does not arise. *See Lingo v. Lingo,* 267 Md. 707, 299 A.2d 11 (1973) (joint venture), and *Anderson · v. Anderson,* 215 Md. 483, 138 A.2d 880 (1958) (partnership).

As noted above, there was evidence before the chancellor, albeit contradicted, that there was an agreement between the parties to the effect that Mrs. Crawford would stay in the house and assume the responsibility for it. The chancellor made no finding as to whether such an agreement existed. In view of our holding with respect to the presumption of gift issue we shall remand the case in order that the chancellor may have an opportunity to determine whether the above referred to agreement did or did not exist.

*That part of the decree providing for an equal division of the Loyola Federal Savings & Loan Account vacated; otherwise the decree is affirmed; case remanded to the Circuit Court for Baltimore County for further proceedings consistent with this opinion.*
*Costs to be paid by appellee.*