519 A.2d 740

**Ernest MANNS**

v.

**Betty MANNS.**

**No. 35, Sept. Term, 1986.**

Court of Appeals of Maryland.

Jan. 14, 1987.

James L. Rouse, Baltimore, for appellant.

Stanley H. Hellman, Towson, for appellee.

Argued before MURPHY, C.J., and ELDRIDGE, COLE, RODOWSKY, COUCH, McAULIFFE and ADKINS, JJ.

COUCH, Judge.

■ While the appellant has framed the issues in this case differently, we perceive the essential issue to be whether the District Court of Maryland had subject matter jurisdiction over a matter involving contribution between ex spouses (now tenants in common) for expenses paid by one spouse for the benefit of the commonly owned real property. It is also contended that the District Court erred in making an award of contribution to a co-tenant by not fully considering the impact of a use and possession order under the Maryland Family Law Article.

Ernest Manns, appellant, and Betty Manns, appellee, husband and wife, came to a parting of the ways in 1979 with appellant leaving the marital home. Appellee thereupon filed an action in the Circuit Court for Baltimore City for a divorce *a mensa et thoro*, wherein she sought, among other things, alimony *pendente lite*, child support and custody, and use and possession of the family home.[1] Following a

---

1. Family Law Article, § 8–201(c):

hearing before a Master, it was recommended by the master that the relief sought be granted. Exceptions to the recommendation relative to child support payments and a lump sum payment of arrears were taken by appellant. After a hearing on these exceptions, the circuit court dismissed the exceptions and issued an order as follows:

"1. That the Defendant is to make a lump sum payment of the arrears due up to and including October 9, 1980, in the sum of $988.80. as ordered by the Court and has failed to do so.

2. That in addition, he is to continue to pay the sum of $61.80 per week for child support payments on behalf of the two minor children of the parties, which total sum represents $30.90 on behalf of each minor child.

3. That the child support payments of $61.80 per week are to be paid to the Probation Department of Baltimore City.

4. That in addition, to the aforesaid child support payments the Defendant, ERNEST MANNS, is to pay the sum of $10.00 per week on the arrearages.

5. That a lien issue in the sum of $71.80 per week against the earnings and/or other form of periodic payments due or to be due the Defendant, ERNEST MANNS; and LOCKE INSULATOR INC., the existing employer of the Defendant, and any future employer upon whom a copy of this Order may be served, be and they are hereby directed and ordered to deduct the afore-

---

"(c) *Family home.*—(1) 'Family home' means the property in this State that:

(i) was used as the principal resident of the parties when they lived together;

(ii) is owned or leased by 1 or both of the parties at the time of the proceedings; and

(iii) is being used or will be used as a principal residence by 1 or both of the parties and a child.

(2) 'Family home' does not include property:

(i) acquired before the marriage;

(ii) acquired by inheritance or gift from a third party; or

(iii) excluded by valid agreement."

said sum from the earnings and/or other form of periodic payments due or to be due the Defendant, and remit to:

Probation Department of Baltimore City

Third Floor

Tower Building

Baltimore, MD 21202

for and on account of child support payments due to Plaintiff."

It is observed that no mention was made as to the use and possession of the "family home." It would appear, however, that appellee and her children continued to live in the home, paying the mortgage thereon, paying the utilities, costs, and expenses incident to the upkeep of the property.

In August, 1981, the appellant filed a bill in the Circuit Court for Baltimore City for a divorce *a vinculo matrimonii*, which was subsequently granted to him. In its decree the court, *inter alia*, specifically found the real property of the parties to be a "family home" within the purview of Maryland Code, Courts and Judicial Proceedings Article, § 3–6A–01(b), now Family Law Article, § 8–201(c). The decree also awarded appellee the exclusive use and possession thereof for one year subject to the usual provision with respect to remarriage, death, or abandonment of the use and possession. Furthermore, the decree provided that during the one year use and possession, appellee was to make all mortgage payments. Finally, the decree appears to have disposed of the other jointly held assets. It is to be noted that the decree did not declare the "family home" to be marital property as was proper under § 8–203(c)[2] of the Family Law Article.

---

**2.** § 8–203(c) states:

"(c) *Exclusion of family home and family use personal property.* —The family home and family use personal property may not be considered marital property so long as the family home or family use personal property is the subject of a use and possession order." The General Assembly recently repealed § 8–203(c). 1986 Md.Laws, Ch. 174.

After the termination of the use and possession provision in July, 1983, the property was sold by agreement of the parties and the net proceeds of the sale were divided equally between them. Subsequently, the appellee filed the instant action in the District Court of Maryland seeking contribution for one half of the sums she expended for mortgage payments, escrow shortages, alley paving liens, neighborhood association dues, and aluminum siding on the family home. Judgment in the amount of $6,642.16 was entered in favor of the appellee, which judgment was affirmed on appeal to the circuit court. We granted certiorari to answer these questions of public interest.

We shall affirm the judgment of the circuit court.

The thrust of appellant's argument, as put by him, is "in cases involving absolute divorce or annulment wherein a use and possession order has been entered, a party seeking contribution for payments made in preserving marital property, which is the subject of the order, must do so in the form of a monetary award. The Chancellor in making an award must consider all those factors as outline[d] in sec. 8–205 of the *Family Law Article.*" Consequently, appellant claims, the circuit court had exclusive and original jurisdiction over the disposition of a marital home upon the termination of a family home use and possession order. We disagree under the facts presented here.

Had either of the parties, following the termination of the use and possession order signed by Judge Karwacki as part of the divorce decree of July, 1982, gone back to the circuit court after July, 1983 and sought a declaration that the former "family home" was marital property and a monetary award, that court would have had jurisdiction to consider the matter and to make an award considering the appropriate factors set forth in the Family Law Article.[3] Neither

---

3. Family Law Article, § 8–205. *Same—Monetary award.*
   "(a) Grant of award.—After the court determines which property is marital property, and the value of the marital property, the court may grant a monetary award as an adjustment of the equities and

party chose to do so, however. Rather, they agreed to sell the property and divide the proceeds evenly.[4] The effect of this action by the parties resulted in there being no marital property to dispose of by the time appellee brought this action. This suit was simply one for contribution brought by one tenant in common against another tenant in common for contribution for those payments made to preserve the property and certain mortgage payments. *See, e.g., Crawford v. Crawford,* 293 Md. 307, 443 A.2d 599 (1982), and cases cited therein.

■ The general rule is that a co-tenant who pays more than his or her pro-rata share of the carrying charges on

---

rights of the parties concerning marital property, whether or not alimony is awarded. The court shall determine the amount and the method of payment of a monetary award after considering each of the following factors:

    (1) the contributions, monetary and nonmonetary, of each party to the well-being of the family;

    (2) the value of all property interests of each party;

    (3) the economic circumstances of each party at the time the award is to be made;

    (4) the circumstances that contributed to the estrangement of the parties;

    (5) the duration of the marriage;

    (6) the age of each party;

    (7) the physical and mental condition of each party;

    (8) how and when specific marital property was acquired, including the effort expended by each party in accumulating the marital property;

    (9) any award of alimony and any award or other provision that the court has made with respect to family use personal property or the family home; and

    (10) any other factor that the court considers necessary or appropriate to consider in order to arrive at a fair and equitable monetary award."

**4.** Appellant did not raise in the District Court, nor attempt to raise in this appeal, any contention that the parties' decision to evenly divide the proceeds of the sale would preclude appellee's later claim for contribution of expenses. Similarly, appellant did not contend that the circuit court judge considered the excess contributions made by the appellee in making any awards in the divorce case. Accordingly, we express no opinion on these matters.

jointly held property is entitled to contribution from the other co-tenants. *Aiello v. Aiello*, 268 Md. 513, 518–19, 302 A.2d 189, 192 (1973); *Pino v. Clay*, 251 Md. 454, 456–57, 248 A.2d 101, 102–03 (1968); *Hogan v. McMahon*, 115 Md. 195, 201–02, 80 A. 695, 698 (1911). The sums spent must be necessary to preserve the property. *Crawford v. Crawford*, 293 Md. 307, 311, 443 A.2d 599, 601 (1982). In the case *sub judice*, the trial judge found as a matter of fact that the sums spent by the appellee were payments made to preserve the marital home. We have reviewed the record and find sufficient evidence to support this finding of the lower court. Md.Rule 886.

Accordingly, we perceive no error and hold, upon the circumstances of this case, that the proceeds of the sale of the marital home were not marital property and thus the exercise of jurisdiction by the District Court was proper.

JUDGMENT OF THE CIRCUIT COURT FOR BALTIMORE CITY AFFIRMED. COSTS TO BE PAID BY APPELLANT.