585 A.2d 216

**O'Kassa A. KAMIN–A–KALAW**

v.

**Gerard DULIC.**

**No. 45, Sept. Term, 1990.**

Court of Appeals of Maryland.

Feb. 7, 1991.

Motion for Reconsideration Denied March 21, 1991.

John W. Debelius, III (Debelius, Clifford & Debelius, Chartered, on brief), Gaithersburg, for petitioner.

A. Palmer Ifill, Washington, D.C., for respondent.

Argued Before MURPHY, C.J., ELDRIDGE, RODOWSKY, McAULIFFE, CHASANOW, KARWACKI, JJ., and CHARLES E. ORTH, Jr., Judge of the Court of Appeals of Maryland (Retired, Specially Assigned).

KARWACKI, Judge.

■ Where property is jointly owned, it is well-settled that a cotenant who makes payments to preserve the property is entitled to contribution from his cotenants for their share of the payment. *Manns v. Manns*, 308 Md. 347, 352, 519 A.2d 740, 743 (1987); *Crawford v. Crawford*, 293 Md. 307, 309, 443 A.2d 599, 600 (1982); *Aiello v. Aiello*, 268 Md. 513, 518–19, 302 A.2d 189, 192 (1973); *Lingo v. Lingo*, 267 Md. 707, 714, 299 A.2d 11, 13 (1973); *Pino v. Clay*, 251 Md. 454, 456–57, 248 A.2d 101, 102–03 (1968); *Hogan v. McMahon*, 115 Md. 195, 201–02, 80 A. 695, 698 (1911). This case presents the narrow question of how that contribution should be calculated.

## I.

In 1983, O'Kassa Kamin–A–Kalaw and Gerald Dulic, who are unmarried, purchased improved real property in Montgomery County as joint tenants. Thereafter, they resided in that property and pooled their resources to pay the

mortgage debt which they incurred at the time of its purchase and the other expenses of maintaining their home.

In July of 1986, discord developed in the domestic arrangement of the parties. Thereafter, Kamin–A–Kalaw paid the monthly installments of the principal and interest on the mortgage as well as the premiums for the insurance protecting the property and the real estate taxes thereon.

On February 24, 1987, Dulic filed a complaint in the Circuit Court for Montgomery County, seeking a sale of the property in lieu of partition. Kamin–A–Kalaw filed a counterclaim against Dulic for damages as the result of an alleged assault and battery, conversion of personal property, and failure to repay certain loans. In an amended complaint, Dulic then sought damages from Kamin–A–Kalaw who, he alleged, had negligently infected him with a sexually transmitted disease.

When the case was called for trial on September 13, 1988, the court severed the claims for damages asserted in the counterclaim and amended complaint and proceeded to hear the issues relating to the sale of the property in lieu of partition. At the conclusion of that trial, the court ordered a sale of the property and found that Kamin–A–Kalaw had advanced $33,965.12 in mortgage payments, insurance premiums and taxes for the property since July of 1986. Consequently, the court ruled that Dulic owed a duty to contribute one-half of that sum to his joint tenant. In the subsequently entered order on November 2, 1988, appointing a trustee to make the sale the court provided:

> The proceeds of sale and any refund of escrows shall be distributed as follows: Firstly, to discharge the first trust in favor of Brokers Mortgage Service or its successor and any other joint liens of record, secondly, to pay the costs and expenses of sale, thirdly, to pay by way of contribution the sum of $16,982.56 to defendant and to reimburse any additional principal, interest, taxes and insurance expense to the party advancing the same from September 14, 1988 until the date of conveyance, and,

thirdly, [sic] to divide equally between the parties any remaining balance.

When the trustee filed an accounting with the court, he proposed the following distribution of the net proceeds of the sale:

Payment to plaintiff (Dulic)

| | |
|---|---|
| ½ of net proceeds | $ 23,258.05 |
| Less Judgment for Contribution | $ 16,982.56 |
| Less reimbursement to defendant of ½ mortgage payments made since September 14, 1988, per Order of Court | $ 4,323.00 |
| | $ 1,952.49 |

Payment to defendant (Kamin–A–Kalaw)

| | |
|---|---|
| ½ of net proceeds | $ 23,258.05 |
| Plus Judgment for Contribution | $ 16,982.56 |
| Plus reimbursement to defendant of ½ mortgage payments made since September 14, 1988, per Order of Court | $ 4,323.00 |
| | $ 44,563.61 |

Dulic objected to this proposal, arguing that under the court's order his contribution to the payments advanced by his joint tenant should first be deducted from the net proceeds of the sale and the balance should then be divided between the parties. Kamin–A–Kalaw responded to Dulic's objection and also filed a motion to clarify the court's earlier order with regard to the contribution due by Dulic. After a hearing the court overruled Dulic's objection and filed the following order:

[T]his court's Order of Sale and Appointment of Trustee of November 2, 1988 be, and it is hereby, amended as follows:

The last paragraph thereof is deleted, and it is directed that the proceeds of sale be distributed as follows:

1. That the first mortgage and any other joint liens of record be discharged.

2. That the cost and expenses of sale be paid.

3. That the balance of proceeds be equally divided.

4. That the sum of $16,982.56 and one-half (½) of all mortgage (PITI) payments made by defendant between September 14, 1988 and the date of sale be deducted from plaintiff's share of proceeds and added to defendant's share; and

5. That the shares of each party adjusted as set forth above, be distributed to them.

The court then finally ratified the sale of the property. Dulic appealed to the Court of Special Appeals which, in an unreported opinion, vacated the court's amended order for distribution of the proceeds of sale. The intermediate appellate court agreed with Dulic's argument as to how that distribution should be made. We issued our writ of certiorari to review that decision.

## II.

Preliminarily, we notice that the trial court's disposition of the issues which arose under Dulic's claim for sale of property in lieu of partition was not a final judgment from which an appeal would lie. Maryland Code (1974, 1984 Repl.Vol.), § 12–301 of the Courts and Judicial Proceedings Article. This was so since at that time there were still other claims of the parties outstanding, and the court did not expressly determine in a written order that there was no just reason for delay and direct the entry of a final judgment. Maryland Rule 2–602. Nevertheless, since the court in the instant case had the discretion to direct the entry of a final judgment, and since we are satisfied that there is no just reason to delay a determination of the issue presented, we shall enter a final judgment on our own initiative. Md. Rule 8–602(e)(1)(C).[1]

---

1. Md. Rule 8–602(e) provides in pertinent part:

(1) If the appellate court determines that the order from which the appeal is taken was not a final judgment when the notice of appeal was filed but that the lower court had discretion to direct the entry of a final judgment pursuant to Rule 2–602(b), the appellate court may, as it finds appropriate, (A) dismiss the appeal, (B) remand the case for the lower court to decide whether to direct the entry of a final

## III.

We disagree with the decision of the intermediate appellate court. Under its holding, Dulic would only be required to contribute one-fourth of the amount advanced by Kamin–A–Kalaw for the mortgage payments, insurance and taxes on the property. The right to contribution between cotenants exists to insure that a cotenant of property who advances money for the common benefit of all of the cotenants should be reimbursed by his cotenants for their pro rata share of the money advanced. That could have been accomplished in either of two ways in the instant case. The trial court could have directed that the entire amount of the advance be deducted from the net proceeds of the sale and repaid to the paying cotenant before dividing the balance between the cotenants. This is the method suggested in *Crawford v. Crawford*, 293 Md. at 311, 443 A.2d at 601 and *Lingo v. Lingo*, 267 Md. at 714, 299 A.2d at 14. An equally acceptable method, and the one adopted by the trial court, was to divide the net proceeds of the sale between the paying cotenant and the non-paying cotenant and then deduct one-half of the advance from the share of the non-paying cotenant and augment the paying cotenant's share by the amount of that deduction. This is the method indicated in *Pino v. Clay*, 251 Md. at 458, 248 A.2d at 103, and *Spessard v. Spessard*, 64 Md.App. 83, 93, 494 A.2d 701, 706 (1985). Either approach produces the same result and satisfies the paying cotenant's equitable right to contribution.

JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED, AND CASE REMANDED TO THAT COURT WITH DIRECTIONS TO AFFIRM THE JUDGMENT OF THE CIRCUIT COURT FOR MONTGOMERY COUNTY.

---

judgment, (C) enter a final judgment on its own initiative or (D) if a final judgment was entered by the lower court after the notice of appeal was filed, treat the notice of appeal as if filed on the same day as, but after, the entry of the judgment.

**56**

COSTS IN THIS COURT AND IN THE COURT OF SPE-
CIAL APPEALS TO BE PAID BY RESPONDENT.