## BAUMAN v. BAUMAN
[No. 315, September Term, 1964.]

380

*Decided June 30, 1965.*

The cause was submitted on the brief to PRESCOTT, C. J., and HAMMOND, HORNEY, SYBERT and OPPENHEIMER, JJ.

Submitted by *C. Osborne Duvall* for appellant.

No brief and no appearance for appellee.

HORNEY, J., delivered the opinion of the Court.

This appeal challenges the authority of the chancellor to postpone the commencement of weekly support payments he had allowed in a suit for separate maintenance.

After having lived with his wife for about thirty years, the husband deserted her. He left a note saying that he was taking the car and that she could have "all else." A day or so later, the wife withdrew the more than $4000 she and her husband had deposited in a joint savings account and redeposited the money in the name of herself and her sister. A joint checking account containing approximately $125 was also closed and reopened in the name of the wife alone. However, the ownership of thirty-two United States Savings Bonds (having a maturity

value of $1025) registered in both names was not altered. The wife, who has arthritis in her hands and is unable to work, continues to reside in the house owned by the parties as tenants by the entireties. The husband received a total of $8372 from the United States Army in 1963, but his net weekly income was $130.

A month after the separation, the wife, alleging desertion, filed suit for separate maintenance and counsel fees. A cross-bill filed by the husband for an absolute divorce was subsequently dismissed. The testimony at the hearing was virtually undisputed, but when the wife on cross-examination was asked about the joint bank accounts of the parties, an objection was interposed. The chancellor, ruling that such evidence was admissible, stated that he had to know what the wife had in order to fix the amount she should be allowed for her support. At the conclusion of the hearing, the chancellor awarded the wife $50 per week for support and maintenance, but, by allowing the husband a credit equal to approximately one-half of the savings account ("40 weeks at $50 per week") because the wife had obtained sole possession and ownership thereof, the commencement of the support payments was postponed until April 5, 1965. [Neither the amount of the checking account nor the value of the savings bonds was considered by the chancellor in determining when the support payments were to commence.]

The wife contends that the postponement had the effect of dividing the personal property of the husband and wife in violation of law. We agree that the chancellor had no authority in this suit for separate maintenance to divide the personal property of the parties, but that does not necessarily mean that the commencement of support payments may not be postponed under some circumstances. The authority of the court, under Code (1957), Art. 16, § 29, to make a division of the personal property of a husband and wife in divorce cases does not extend to proceedings in which separate maintenance alone is sought. *Smith v. Smith,* 227 Md. 355, 176 A. 2d 862 (1962); *Bailey v. Bailey,* 218 Md. 527, 147 A. 2d 747 (1959); *Lopez v. Lopez,* 206 Md. 509, 112 A. 2d 466 (1955); *Brown v. Brown,* 204 Md. 197, 103 A. 2d 856 (1954). Even more to the point, it was held in the *Brown* case, at p. 210, that the reduction of

weekly payments of separate maintenance for a specified period of weeks in order to make restitution to the husband of a sum of money received by the wife from the sale of a bond, was tantamount to a division of personal property and therefore improper.

As we see it, however, since an allowance for separate maintenance, like an award of alimony, is within the sound discretion of the chancellor, *Pet v. Pet*, 238 Md. 492, 209 A. 2d 572 (1965), there was no reason why the chancellor should not have considered the assets and income of the wife in balancing her needs with the financial ability of the husband to make support payments. *Zimmerman v. Zimmerman*, 199 Md. 176, 85 A. 2d 802 (1952). Moreover, since the chancellor has power to increase or decrease the amount of support payments from time to time to conform to changed conditions, it would not be improper for the decree to be modified with respect to such payments as accrued prior to the expiration of the forty week period as well as those not yet due. *Cf. Winkel v. Winkel*, 178 Md. 489, 15 A. 2d 914 (1940).

We shall therefore, pursuant to Maryland Rule 871 a, remand this case without affirmance or reversal for such further proceedings as may be required for the purpose of determining the proper amount of the support payments.

> *Case remanded without affirmance or reversal for further proceedings consistent with this opinion; the appellee to pay the costs.*