## MICHAEL T. ATHANASON *v.* HELENE C. ATHANASON

[No. 834, September Term, 1980.]

*Decided March 10, 1981.*

The cause was argued before MOYLAN, MELVIN and MACDANIEL, JJ.

*Andrew W. Dyer,* with whom were *Dyer & Dyer* on the brief, for appellant.

*Marvin E. Perlis,* with whom were *Perlis & Pincus* and *Michael B. Schwartz* on the brief, for appellee.

MacDANIEL, J., delivered the opinion of the Court.

Michael T. Athanason appeals a Decree of Divorce *a vinculo matrimonii* entered March 19, 1980, in the Circuit Court for Montgomery County. He asks us to consider whether Title 3, Subtitle 6A of the Maryland Courts and Judicial Proceedings Article (Property Disposition in Divorce and Annulment) applies to a Supplemental Bill of Divorce which was filed after the Subtitle's effective date, but which relates to an action instituted prior to that effective date. The chancellor ruled that the statute in question did apply to the supplemental bill, but we disagree and so shall remand for further proceedings.

Appellant and appellee Helene C. Athanason were married July 24, 1966. On April 20, 1978, appellee filed a Bill of Complaint for Divorce *a mensa et thoro* alleging constructive desertion.[1] On March 15, 1979, in the same case, appellee filed a Supplemental Bill of Complaint for Divorce *a vinculo matrimonii.* Appellee re-alleged the grounds stated in her original Bill, and in addition alleged that the parties had lived separate and apart, without cohabitation, for the statutorily prescribed twelve-month period.[2] Appellee also prayed for the relief available under Subtitle 6A, "Property Disposition in Divorce and Annulment," of Title 3 of the Maryland Courts and Judicial Proceedings Article. That is to say, she requested that the parties' residence be declared a "Family Home" and that she and the parties' three minor children be granted use and possession of the home for three years; that the chancellor determine "Family Use Personal Property" and "Marital Property," and that he grant her a "Monetary Award," all in accordance with the statute.

Appellant filed a Motion Raising Preliminary Objection to the supplemental bill, alleging the inapplicability of Sub-

1. In the Circuit Court for Montgomery County, Equity No. 62842.
2. *See* Md. Ann. Code (1957, 1981 Repl. Vol.), Art. 16, § 24.

title 6A and the consequent lack of subject matter jurisdiction. Appellant's motion came on for hearing on June 22, 1979, and the motion was denied; the chancellor ruled that the issues raised in the supplemental bill would be decided at trial.

Appellant filed his Answer to the Supplemental Bill of Complaint and a hearing was held in the matter on March 7, 1980. Thereafter, by Order of March 19, 1980,[3] the chancellor granted appellee a divorce *a vinculo matrimonii* on the ground of constructive desertion, awarded her and the children the use and possession of the family home and furnishings for three years and ordered that appellant pay all monthly mortgage installments and taxes on the home during that time. The chancellor then referred the case to the Domestic Relations Master for further proceedings to determine a suitable monetary award, to establish ownership interests in marital property and to supervise the sale of that property and the division of proceeds therefrom.[4]

During its 1978 legislative session, the General Assembly of Maryland enacted legislation to alter the law governing the disposition of property in conjunction with grants of divorce or annulment. 1978 Laws of Maryland, Chapter 794. The legislation is codified in Subtitle 6A, "Property Disposition in Divorce and Annulment," of Title 3 of the Courts and Judicial Proceedings Article of the Annotated Code of Maryland. Section 2 of Chapter 794 provides that the Act shall take effect January 1, 1979, and that it shall apply "only to cases filed after that date."

Appellant contends the language of Section 2 clearly and unambiguously refers to "cases" filed after January 1, 1979; that a supplemental bill is not a "case", and that consequently the Act does not apply here. We agree.

The well-known "cardinal rule" to be followed in applying a statute is to ascertain and effectuate the real legislative

---

**3.** Those portions of this "Order" not contested are not addressed in this appeal.

**4.** We note that, notwithstanding this referral to the Domestic Relations Master for further proceedings, his Order is nevertheless final for purposes of appeals. *See* MD. CTS. & JUD. PROC. CODE ANN. (1980 Supp.), § 3-6A-07 (d).

intent. In seeking to determine legislative intent, we first look to the language of the statute itself. If the words contained therein are plain and unambiguous, and if they express a definite and sensible meaning, then their meaning is conclusively presumed to be that intended by the Legislature. *State v. Fabritz,* 276 Md. 416, 421 (1975). Or, as the Court of Appeals stated in *District Land Corporation v. Washington Suburban Sanitary Commission et al.,* 266 Md. 301 (1972), at 307:

> "In determining the legislative intent, we examine the words used as the primary source for discovering that intent. *Maryland Medical Service, Inc. v. Carver,* 238 Md. 466, 478, 209 A.2d 582, 588 (1965).
>
> If the words are clear and unambiguous, generally speaking, the search for the legislative intent ends. If, however, the words are not clear and unambiguous, then the well-established rules of statutory construction apply. *Clerk of the Circuit Court for Calvert County v. Chesapeake Beach Park, Inc.,* 251 Md. 657, 663-64, 248 A.2d 479, 482-83 (1968)."

We think the words *"cases* filed after January 1, 1979," contained in Section 2 of Chapter 794, *supra,* are quite plain, sensible and free from ambiguity. Appellee filed the original *case* prior to January 1, 1979. When she filed her supplemental bill in this same *case* after January 1, 1979, it became a part of the original case. The fact that the supplemental bill may set out a different "cause of action", as appellee maintains, is immaterial. The statute refers not to "causes of action" but to "cases", and we hardly think it needs citation to establish that the two are not synonymous: a cause of action is not necessarily a case, while a case must contain at least one, and often contains several, causes of action. And a supplemental bill is not a case. In our view the Legislature's choice of language here constitutes a clear expression of its intention to limit the effect of the "Property Disposition in Divorce and Annulment" Act to actual cases

filed after the Act's effective date. The legislative history of the Act confirms us in this view. The proposition was subjected to exhaustive study prior to enactment. Public hearings were held; the bench and bar were given the opportunity to comment; the effective date of the Act was in fact postponed to allow counsel and other interested parties to become thoroughly conversant with the provisions of the legislation. Upon the whole, therefore, we think the language of the Act reflects the Legislature's view that the Act must begin to run "afresh", from some point in time. When the Legislature stated that "this Act shall take effect January 1, 1979, and shall apply *only to cases filed after that date,"* it meant what it said.

> *Decree affirmed in part and reversed in part.*
> *Case remanded for further proceedings consistent with the views stated in this opinion.*
> *Appellee to pay the costs.*