638 A.2d 1192

**John P. O'HEARN**

v.

**Jennifer A. O'HEARN.**

**No. 1613, Sept. Term, 1993.**

Court of Special Appeals of Maryland.

March 30, 1994.

Paul W. Ishak (Stark and Keenan, P.A., on the brief), Bel Air, for appellant.

E. Harrison Stone (Royston, Mueller, Mclean & Reid, on the brief), Towson, for appellee.

Argued before ALPERT, FISCHER and CATHELL, JJ.

ALPERT, Judge.

In this case, we are asked to decide whether an agreement of separation and property settlement, not under seal, when incorporated into a divorce decree, is subject to the 12–year period of limitations applied to specialties as provided in

Md.Code Ann., Cts. & Jud.Proc. § 5–102(a) (1989 & Supp. 1993).[1]

John P. O'Hearn, appellant, and Jennifer A. O'Hearn, appellee, ended their marriage by a divorce decree dated April 23, 1981. On the same day, the couple also executed a stipulation delineating their settlement that was incorporated into the divorce decree. The decree provided, *inter alia*, that appellant pay medical bills not covered by insurance and orthodontic bills incurred with his express consent. On December 2, 1991, appellee filed a petition for contempt seeking arrearages in alimony and child support and an order requiring appellant to pay for all medical and orthodontic bills incurred by their children. Appellant responded by asserting the defense of laches and statute of limitations along with other defenses. Appellant filed a Motion for Partial Summary Judgment based on the statute of limitations. On November 9, 1992, appellee filed an "Amended Complaint to Enforce Child Support Obligations" that reiterated the earlier factual allegations and requested a finding of contempt for the unpaid medical and orthodontic bills incurred less than three years prior to December 2, 1991, and a judgment for the unpaid medical bills incurred more than three years prior to that date.

The trial court declined to rule on appellant's summary judgment motion; instead, a full hearing on the issues raised by appellant was scheduled. Appellee did not pursue her claim for arrearages for child support and alimony. The parties did, however, enter into a stipulation whereby they agreed on the amounts and dates of the bills in question. Specifically, they agreed that appellee incurred medical bills from three sources within twelve years from the date of their divorce decree. First, a bill from Drs. Pakula and Davik in the amount of $2,976.00, of which $1,459.00 was incurred more than three years prior to December 2, 1991. Second, a bill from Drs. Geating and McCambridge in the amount of

---

1. This is an expedited appeal pursuant to Maryland Rule 8–207 (1993). Accordingly, the parties have submitted an agreed statement of the case, and our characterization of the facts is based solely therefrom.

$698.00, of which $365.00 was incurred more than three years prior to December 2, 1991. Third, a bill from Dr. Thomas A. McInnes, D.D.S., for orthodontic work beginning in July of 1987, in the amount of $5,400.00, that was presented to appellant for payment on October 10, 1988, and a separate bill in the amount of $270.00.

During the hearing, the court heard testimony that appellant did not make any payment for any of the bills presented and made no promise to pay them; that the bills were presented to appellant after the time period when his insurance carrier would pay them; that appellant did not expressly consent to the orthodontic program; and that he was provided with the $5,400.00 bill for orthodontic work on October 10, 1988, but chose to ignore it. At that proceeding, appellant asserted that bills incurred three years prior to December 2, 1991 were barred by the statute of limitation. *See* Md.Code Ann., Cts. & Jud.Proc. § 5–101 (1989 & Supp.1993). Appellee argued that the bills should be treated in the same fashion as alimony and child support obligations. Specifically, she contended that because a party could bring an action for unpaid child support and alimony and obtain a judgment for amounts over three years old, and sue for contempt for amounts less than three years old, the same reasoning should apply to the payment of medical and orthodontic bills. The court (DeWaters, C.J.) agreed with appellee and entered a judgment against appellant for the full amount of all the bills. This expedited appeal followed. On appeal, appellant asks us the following question:

> Whether or not the defense of the statute of limitations bars the recovery of those medical expenses incurred less than twelve years after the date of the Divorce Decree, but more than three years prior to the filing of the Petition for Contempt.[2]

---

**2.** In other words, we have to consider whether the court erred in entering a judgment against appellant for the Pakula/Davik bill in the amount of $1450.00; the Geating/McCambridge bill in the amount of $365.00; and the McInnes bill in the amount of $5,400.00. We also

## ANALYSIS

Appellant asserts that the case sub judice is controlled by the three-year statute of limitation and accordingly the trial court erred in entering a judgment against him for amounts that were expended by appellee prior to three years from the filing of the initial complaint (December 2, 1991). Specifically, appellant contends that "[w]here liability for unliquidated amounts was sought, even under the auspices of a divorce decree, the claim was governed by [the three year statute of limitation]." Appellant further asserts that the trial court's reliance on *Marshall v. Marshall*, 164 Md. 107, 163 A. 874 (1933), and *Miller v. Miller*, 70 Md.App. 1, 519 A.2d 1298 (1987), was erroneous because the court failed to consider *Bradford v. Futrell*, 225 Md. 512, 171 A.2d 493 (1961). Specifically, appellant explains that the *Bradford* court held that the twelve-year limitation was "carefully confined" to unpaid periodic installment payments only. Thus, he contends that because the trial court was addressing unliquidated and contested medical and orthodontic bills, it erred in applying the reasoning behind *Marshall* and *Miller*. The crux of the argument is that, because the amounts due for the bills were not adjudicated by a court and were not periodic installment payments, the court erred in entering a judgment against appellant for those bills.

Appellee asserts that the court did not err because the judgment in the instant case was not for contempt; rather it was for medical expenses incurred by her following the entry of the original divorce decree on April 23, 1981. We agree and explain.

At the outset, we note that most civil actions are controlled by a three-year statute of limitation as set forth in Md.Code Ann., Cts. & Jud.Proc. § 5–101 (1989 & Supp.1993). The exception to this general rule provides in pertinent part:

---

note that at oral argument, appellant agreed that his consent to the payment of the orthodontic bills was not an issue. Thus, the only issue we have to consider is whether the twelve-year statute of limitation that is relevant to specialties is applicable in the instant case.

(a) Twelve-year limitation—An action on one of the following specialties shall be filed within 12 years after the cause of action accrues, or within 12 years from the date of the death of the last to die of the principal debtor of creditor, whichever is sooner:

    (1) Promissory note or other instrument under seal;

    (2) Bond except a public officer's bond;

    (3) Judgment;

    (4) Recognizance;

    (5) Contract under seal;  or

    (6) Any other specialty.

*Id.* § 5–102(a).

In holding appellant responsible for the medical bills and the orthodontic work, Judge DeWaters observed:

There is no question but that the plaintiff can go back three years seeking medical payments for contempt. The question is whether the plaintiff can utilize the judgment for divorce to create a limitations period of twelve years. *Marshall v. Marshall,* 164 Md. 107 [163 A. 874 (1933) ] and *Miller v. Miller,* 70 Md.App. 1, 519 A.2d 1298 [ (1987) ], have held that such a period of limitations applies in child support cases. The Court does not agree with the [appellant's] position that the same rationale does not apply to the issue in this case, which is payment of medical bills. It would seem that the plaintiff could collect on the judgment within the first three years of the judgment. The same arguments made by the defense would apply to this period. If the plaintiff can do so, then this Court does not see why the plaintiff should not be allowed to do so for the twelve year period as in the case of child support. The twelve year limitation period is applicable to judgments generally, and the court holds it applies to these medical bills.

We think that the trial court was correct in its application of *Marshall* and *Miller.* In *Miller,* Judge Robert M. Bell reviewed *Bradford* and *Marshall* and explained that in an action for arrearages for child support the applicable period of limitations was "that prescribed for specialties" (i.e., twelve

years). *Miller*, 70 Md.App. at 20–21, 519 A.2d 1298. Our review of *Marshall, Bradford* and *Miller* leads us to conclude that, contrary to appellant's position that the twelve-year limitation is "carefully confined" to unpaid periodic installment payments only, these cases are premised upon the fact that in each instance there was a judgment or decree entered by the trial court. *See* Md.Code Ann., Cts. & Jud.Proc. § 5–102(a)(3) (1989 & Supp.1993).

*Kemp v. Kemp*, 287 Md. 165, 411 A.2d 1028 (1980) is particularly relevant to the case sub judice. There, the parties had entered into a separation agreement that was incorporated into the divorce-custody decree. *Id.* at 170–71, 411 A.2d 1028. The relevant provision in the separation agreement provided:

> The Husband further agrees to pay reasonable medical and dental expenses for said minor children.... The Husband shall be consulted on all major medical, surgical and/or dental needs for the minor children except where emergency will not permit, provided, however, that Husband shall not unreasonably withhold his consent.

*Id.* The Circuit Court ordered the Husband to reimburse his ex-wife for medical expenses incurred on behalf of their minor child. This court reversed because "the equity court lacked jurisdiction to order that the medical bills be paid by Mr. Kemp, since these necessaries could only be recovered in an action at law." *Id.* The Court of Appeals disagreed emphasizing that the cases relied upon by the lower court were distinguishable because, in those cases, the party's separation agreement had not been incorporated into the divorce decree. *Id.* at 171–72, 411 A.2d 1028. The Court noted that:

> an equity court has jurisdiction to enter an enforcement order relating to the payment of a child's medical or other necessaries, if the parties have agreed to it as part of their marital settlement and if this agreement was incorporated as part of an earlier decree, thus demonstrating that the

payment was contemplated by the court when the decree was signed.

*     *     *     *     *     *

Once the court decides to incorporate an agreement between the parties as part of its decretal relief, something which it does not necessarily have to do, particularly as to provisions relating to children, the agreement is included within the order and is enforceable as a valid provision of the decree.

*Id.* at 173–75, 411 A.2d 1028 (citations omitted). We further note that in *Spates v. Spates,* 267 Md. 72, 79, 296 A.2d 581 (1972), the Court stated:

[T]he agreement of separation and property settlement was not under seal, and standing alone, would have been subject to the three year statute of limitations provided by Maryland Code (1957, 1972 Repl. Vol.) Art. 57, § 1. However, once the agreement was incorporated into a decree, we shall assume for the purposes of the case that the agreement was subject to the 12 year period applied to specialties.

(citations omitted).

In the instant case, the divorce decree specifically incorporated the parties' settlement dated April 23, 1981. The decree stated that appellant shall be responsible for medical bills not covered by insurance. Our review of the agreed statement of the case and the briefs filed by each party leads us to conclude that the court did not err in entering a judgment against appellant for the bills because they were precisely the type of bills covered by the decree and are subject to a twelve-year statute of limitation.

JUDGMENT AFFIRMED; COSTS TO BE PAID BY APPELLANT.